James Cline, trading as J. & D. Cline, Appellee, v. Chicago, Milwaukee & St. Paul Railway Company, Appellant.

Gen. No. 21,189.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLINTON F. IRWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed with finding of fact. Opinion filed February 24, 1916.

## Statement of the Case.

Action by James Cline, trading as J. & D. Cline, plaintiff, against the Chicago, Milwaukee & St. Paul Railway Company, defendant, for damages done to plaintiff's automobile truck and goods therein, resulting from collision with defendant's locomotive at a public crossing. From a judgment for plaintiff, defendant appeals.

The negligence charged in the declaration was the running of the engine across the highway without ringing a bell or whistling at a distance of eighty rods from crossing, and without ringing bell or blowing whistle until it had reached such highway. The railroad tracks were double, one hundred feet wide, and ran north and south at right angles to the highway. Plaintiff was going east on the highway and engine was going north. Plaintiff and his chauffeur testified that though they looked they did not see the locomotive until they were on the westerly track when they jumped from the track permitting it to continue under power and collide with the engine. The evidence showed that at a distance of thirty to forty feet west of the easterly track there was an unobstructed view of the tracks for at least a quarter of a mile from the crossing. While defendant testified that bushes in the southwest corner of intersection of highway and tracks prevented him from seeing down the tracks until he was within ten feet thereof, other witnesses placed the distance at from thirty to forty-five feet. The chauffeur said he could have stopped the truck within ten feet.

As to the negligence charged in the declaration, three witnesses on each side testified directly on the subject. Those for plaintiff—himself, his chauffeur and Bleimehl's brother—said they heard no whistle or bell and none was sounded. The muffler of the automobile was open. One witness a block and a half west while doing his chores was attracted to the truck's passing by

its "terrible noise." Another whom it passed within a half block of the tracks described its noise as unusual, "like an old threshing machine." He however heard the train and its whistle, though he could not see the train, while stopping for the truck to come up and pass him and was anticipating whether the truck would stop. The engineer testified that the fireman was continuously ringing the bell from eighty rods south where he blew the whistle and which he repeated within four hundred feet of the crossing. The fireman was not a witness, being at the time in the regular army in the east. But two other witnesses confirmed the engineer's testimony as to the whistling. One was on the tracks four hundred feet north of the crossing going south, the other within one half block of the tracks on the highway going east. Both of them also heard the gong at the crossing sounding, but could not say whether the bell was ringing or not.

O. W. DYNES, and C. S. JEFFERSON, for appellant; H. H. FIELD, of counsel.

RICE, LOWES & O'NEIL, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. RAILROADS, § 738*—*when driver of automobile truck attempting to cross tracks guilty of contributory negligence.* In an action for damages for injury to an automobile truck and goods as a result of a collision at a railroad crossing, where plaintiff could have seen defendant's truck when thirty feet away, and was driving the truck at such a speed that it could have been stopped at any time within ten feet, *held* that plaintiff was guilty of contributory negligence.

See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. RAILROADS, § 738*—*when driver of automobile truck attempting to cross railroad track guilty of contributory negligence.* In an action for damages caused by collision of a railroad engine with an automobile truck, the law will not tolerate the absurdity of allowing plaintiff to testify that he looked but did not see the train, when the view was unobstructed and where if he had properly exercised his sight he must have seen it.

3. RAILROADS, § 729*—*when negative testimony as to ringing of bell insufficient to overcome positive testimony.* In a suit for damages caused by a locomotive colliding with an automobile truck at a highway crossing, and where plaintiff's automobile truck, according to testimony, made a "terrible noise," the situation of the óccupants of the truck was less favorable for hearing, and their negative evidence is not entitled to more weight than positive evidence as to the fact that a whistle was blown by defendant's locomotive.

4. APPEAL AND ERROR, § 1802*—*when judgment reversed with finding of fact.* Where a verdict is against the weight of evidence on the question of negligence and contributory negligence, the judgment will be reversed with a finding of fact on such questions.

5. RAILROADS, § 735*—*when evidence insufficient to sustain finding that defendant guilty of negligence in failing to ring bell or blow whistle of locomotive.* In an action for damages for injury to an automobile truck and goods as a result of a collision at a railroad crossing, evidence *held* insufficient to sustain a finding that defendant was guilty of negligence in failing to blow the whistle and ring the bell of the locomotive.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.