114    APPELLATE COURTS OF ILLINOIS.

Hatzenbuehler v. Illinois Central R. Co., 206 Ill. App. 114.

## Katie Hatzenbuehler, Administratrix, Appellee, v. Illinois Central Railroad Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 13, 1917.

### Statement of the Case.

Action by Katie Hatzenbuehler, administratrix of the estate of Thomas Hatzenbuehler, deceased, plaintiff, against the Illinois Central Railroad Company, defendant, to recover for the death of plaintiff's intestate from injuries sustained by being struck by defendant's train. From a judgment for plaintiff for $2,000, defendant appeals.

KRAMER, KRAMER & CAMPBELL, for appellant; JOHN G. DRENNAN, of counsel.

W. H. PFINGSTEN and T. M. WEBB, for appellee.

MR. PRESIDING JUSTICE MCBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. RAILROADS, § 733*—*when evidence sufficient to show striking of person upon street.* Evidence *held* sufficient to warrant the finding that plaintiff's intestate was struck by defendant's train upon the public street.

2. RAILROADS, § 733*—*when evidence is sufficient to show negligence in operation.* Evidence of plaintiff *held* to warrant the finding that defendant was running its train at a greater rate of speed than permitted by the city ordinance and did not ring the bell on its engine as required by the ordinance.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3.  APPEAL AND ERROR, § 1410*—*when findings not disturbed on appeal.*  Where the evidence was conflicting, but sufficient to warrant the findings, and such findings were not against the manifest weight of the evidence, *held* that the findings should not be disturbed.

4.  NEGLIGENCE, § 90*—*necessity of lack of contributory negligence.*  The exercise of due care by a decedent for his own safety at the time he sustained the injuries from which his death resulted is vitally important to a recovery of damages for such death.

5.  DEATH, § 41*—*when presumed that deceased was exercising due care at time of receiving injuries.*  Evidence by two witnesses who had known plaintiff's intestate for some time, and had associated with him, that he was a careful man, valued his life highly, and was accustomed to look out for trains before crossing railroad tracks, *held* to create a presumption that he was in the exercise of due care for his own safety at the time he sustained the injuries complained of.

6.  RAILROADS, § 667*—*what is duty of person attempting to go upon track.*  It is the duty of a person attempting to pass upon a railroad track to ascertain if there are any trains approaching.

7.  RAILROADS, § 738*—*when evidence shows lack of excuse for not looking before passing upon railroad track.*  Evidence *held* to show nothing to excuse plaintiff's intestate from looking and listening before passing upon defendant's railroad track where he was injured by a passing train.

8.  RAILROADS, § 678*—*when person attempting to cross track is guilty of contributory negligence.*  Where there was nothing to excuse a person who was attempting to cross a railroad track from looking and listening for approaching trains, and had he looked and listened he could undoubtedly have seen and heard the approach of the train which struck him, *held* that his failure to look and listen was contributory negligence.

9.  DEATH, § 41*—*when presumption as to exercise of due care is overcome.*  Where the only evidence that plaintiff's intestate was in the exercise of due care for his own safety at the time he sustained the injuries complained of was as to his habits, and the facts and circumstances proven showed he could have seen and heard the approach of the train which injured him and did not, *held* that the presumption created by the evidence as to his habits that he was in the exercise of due care was overcome.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.