ROY O. RUCKER, Administrator of the Estate of ALVA J. RUCKER, Appellant, v. THE ALTON RAILROAD COMPANY, a Corporation.— 123 S. W. (2d) 24.

Division One, December 31, 1938.

930

*C. O. Inman* for appellant.

*Jones, Hocker, Gladney & Grand* for respondent.

LUCAS, J.—This case involves a crossing accident. Alva J. Rucker, a fifteen year old boy was driving a small truck on Green Street in Virdin, Illinois. The street crossed the railroad tracks of the defendant at a right angle. The railroad track was slightly higher than the street. Several railroad tracks crossed this street near the point of accident. A spur track was the easternmost track and some eight to fifteen feet west of this track was the northbound main line track. The morning of the accident Rucker was driving his truck westwardly. There was evidence that a box car or cars were standing on the spur track immediately south of Green Street. About one hundred feet south of Green Street and immediately east of the spur track was a grain elevator and about nine hundred feet south of the grain elevator and beyond the point where the spur track ended were some oil tanks and wooden buildings which were from seven to nine feet east of the northbound main line track.

A gasoline motor was running in the elevator at the time of the accident and the motor together with the elevator machinery made some noise. There was testimony to the effect that the box car and buildings obstructed the view of a northbound train to a westbound motorist. Rucker was driving the truck slowly and a northbound passenger train traveling fifty-five to sixty-five miles an hour hit the truck on this crossing and Rucker was instantly killed. There was testimony to the effect that the truck was traveling four or five miles an hour. Testimony also showed that the noise from the gasoline motor and the machinery in the elevator interfered with a motorist's hearing the noise of an approaching train. The engineer testified that the truck stopped with its wheels on the west rail of the switch track and then started forward. Other witnesses for defendant testified that the car stopped near, at, or on, the main track. Witnesses testified both ways on the question of whether or not the bell was ringing or a whistle sounded as the crossing was approached by the train. Plaintiff, as the administrator of the deceased brought this suit under the Wrongful Death Statutes of Illinois which were properly pleaded. The case was submitted upon only two allegations of negligence, namely; the failure to ring the bell and the failure to sound the whistle. The answer pleaded a general denial together with contributory negligence on the part of the deceased and the answer properly pleaded the Illinois law as to contributory negligence. The Railroad Company had judgment below and this appeal is by the plaintiff below.

█ The questions presented on this appeal involve only the correctness of the instructions given by the defendant below and the further question of whether or not a submissible case was made by the plaintiff below.

We think that it was proper to submit the case to the jury because the crossing in question was, under the evidence, a dangerous cross-

ing and was the principal crossing in a town of four thousand people, and because of the location of buildings to the south and, as the evidence showed, a box car or cars to the south thereby obstructing the view of a westbound motorist and the noise of the machinery making hearing difficult. It was such a crossing that an approaching train should give the statutory warning signals and under the evidence showing noise and obstruction it would have been improper to have withdrawn this case from the jury. [Simpson v. St. L. & S. F. Ry. Co., 334 Mo. 1126, 70 S. W. (2d) 904; Connole v. I. C. Railroad Co., 21 S. W. (2d) 907; Sisk v. C., B. & Q. Railroad Co., 67 S. W. (2d) 830; Wagner v. Railroad Co., 352 Ill. 85.] To hold that the decedent was guilty of contributory negligence as a matter of law, under the evidence as introduced in this case, especially the evidence as to the slow approach of the deceased to the track from which reasonable men could differ as to his caution, and after viewing the evidence in a most favorable manner for the plaintiff, would be confining this important question within limits much narrower than heretofore has been done by the courts of Illinois or Missouri in the cases cited by respondent such as Monahan v. Johnson, 197 Ill. App. 633; Hatzenbuehler v. I. C. Railroad Co., 206 Ill. App. 114; Cline v. C., M. & St. P. Railroad Co., 198 Ill. App. 163; Burns v. C. & A. Railroad Co., 223 Ill. App. 439; Dowler v. Kurn et al., 119 S. W. (2d) 852. These cases did not deal with sets of facts as favorable to plaintiff as are the facts in the instant case. It was entirely proper for the jury to determine whether or not the decedent was negligent in going upon this track as he did.

Instruction No. 5 given by the Railroad Company reads as follows:

"You are instructed that if you find from the evidence herein that as Alva J. Rucker approached and went upon the railroad crossing mentioned in evidence in this case his view toward the south was obstructed by a freight car or cars or by anything else, and if you also find from the evidence herein that on said occasion said Alva J. Rucker failed to stop and listen, and that by stopping and listening he could have discovered the train approaching the crossing, in time to avoid being struck and killed by said train, and that such failure, if any, on his part, directly contributed to cause his death, then plaintiff cannot recover in this case, and your verdict herein must be in favor of the defendant, even though you may further find and believe from the evidence herein that defendant's train was running at a high and excessive rate of speed, and that the defendant's agents, servants an employees in charge of the operation of the locomotive on said train wholly failed to sound the whistle or ring the bell on said locomotive."

This instruction directed a verdict for the defendant provided the jury found that the decedent failed to stop and listen. The amend-

934

ed answer did not plead that the decedent failed to stop before going on to the track. Some witnesses on the part of respondent stated that the decedent actually stopped before going upon the track. No statute or case in either Missouri or Illinois has been cited to the effect that decedent was by law required to stop before entering upon the track. Therefore, the failure to stop is not negligence as a matter of law and an instruction requiring the decedent in this case to stop is beyond the pleadings and contrary to the evidence of the respondent. It has been held in numerous cases that the giving of an instruction which is broader than the pleading is error. This rule would apply as well to an affirmative defense pleaded as to a petition. This is true because the burden of proving an affirmative defense is upon the defendant. This rule requires the defendant to carry the burden in proving the contributory negligence of a plaintiff or decedent. Therefore, an instruction given by the defendant must advise the jury, or point out in some way, what pleaded acts or omissions on the part of the decedent, if any, and as found by the jury from the evidence, would constitute contributory negligence. [Clason v. Lenz, 332 Mo. 1113, 61 S. W. (2d) 727; Schide v. Gottschick, 329 Mo. 64, 43 S. W. (2d) 777; Bobos v. Krey Packing Co., 317 Mo. 108, 296 S. W. 157; Owens v. McCleary, 313 Mo. 213, 281 S. W. 682; Hanke v. St. Louis (Mo.), 272 S. W. 933; Harrington v. Dunham, 273 Mo. 414, 202 S. W. 1066.]

█ There is another rule in this State which has been violated by this instruction and that is the rule holding that a litigant cannot submit his case on a theory which contradicts his own positive evidence and theory. Plaintiff's engineer testified that "the automobile stopped with the wheels on the west rail of that passing track." No doubt that is the reason why respondent did not plead a failure to stop. Yet, this instruction directed a verdict against plaintiff if the automobile "failed to stop." Unless there is something in the record to indicate that such evidence was due to mistake, "a party cannot be permitted . . . to later deny what he, himself, claims to be the truth and that is why he is bound by the evidence of the witnesses he produces to prove the allegation of his pleadings." [Lolordo v. Lacy, 337 Mo. 1097, 88 S. W. (2d) 353.] The respondent here cannot by its evidence take the unequivocal position that the decedent stopped before entering upon the track, and then in its instruction deny recovery by the plaintiff on the ground the decedent failed to stop before entering the crossing. [Pentecost v. St. L. M. B. Term. Railroad Co., 334 Mo. 572, 1. c. 578, 66 S. W. (2d) 533; Dilallo v. Lynch, 340 Mo. 82, 1. c. 87-8, 101 S. W. (2d) 7.]

Appellant has abandoned his allegation of error in the giving of Instruction No. 6 for the defendant. Since this case will have to be re-tried because of the error in giving Instruction No. 5, it will not be necessary for us to pass upon other assignments of error in the

case as such alleged errors will probably be avoided at a subsequent trial.

For the reasons hereinabove stated this case is reversed and remanded. All concur.