Howard WILSON, Appellant,

v.

Mary TABOR, Respondent.

No. WD 37184.

Missouri Court of Appeals,
Western District.

Oct. 29, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Dec. 24, 1985.

Application to Transfer Denied
Feb. 18, 1986.

John C. Milholland and Kevin K. Anderson, Harrisonville, for appellant.

Sylvester Powell, Jr., and Lance W. Le-Fevre, for respondent; Heilbron & Powell, Kansas City, of counsel.

Before MANFORD, P.J., and PRITCHARD and LOWENSTEIN, JJ.

PRITCHARD, Judge.

The jury returned a verdict for defendant upon plaintiff's claim for personal injuries occasioned by his fall from the opened passenger door of defendant's vehicle, after she was stopped at a stop sign, accelerated, and made a left turn onto an access road of U.S. 71 and 137th Street in Grandview, Missouri.

This is the second appeal of this case, the first judgment for defendant having been reversed and the case remanded for new trial, because of error in arguing plaintiff's antecedent negligence on the humanitarian submission. *Wilson v. Tabor*, 656 S.W.2d 299 (Mo.App.1983). Since that time, *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983), adopted the doctrine of comparative negligence, upon which this case was submitted in the second trial.

The parties had been skating at a rink in Grandview. Defendant backed her car from a parking area to take plaintiff, who was a passenger in the right front seat, and two other passengers in the rear seat home. Defendant drove north from the parking lot onto an east-west street, drove west a short distance, stopped for a stop sign, turned left and drove south on the north-south access road.

At the stop sign, the evidence and theories of the parties diverge. Plaintiff testified that the passenger door of the car was ajar as they left the parking lot; that when the car came to a stop at the stop sign, he opened the door to close it more securely, but before he could close it, defendant started up rapidly in her left turn and caused plaintiff to fall through the open door to his injury.

Defendant testified that plaintiff did not open the door until the left turn was completed and the car was being driven south. According to defendant, it was then that plaintiff opened the door of the moving car and jumped out.

Plaintiff submitted his case by given Instruction No. 5: "In your verdict you must assess a percentage of fault to defendant whether or not plaintiff was partly at fault if you believe: First, defendant started her car up from the stop sign and turned left at a time when she knew or by the exercise of the highest degree of care could have known that its right door was open, and Second, defendant was thereby negligent, and Third, as a direct result of such negligence plaintiff sustained damage." (Not in MAI.)

For defendant the true converse Instruction No. 6 was given: "You may not assess a percentage of fault to defendant unless you believe defendant started her car up from the stop sign and turned left at a time when she knew or by the exercise of the highest degree of care could have known that it's right door was open." [MAI 33.-04(5).]

The jury returned this verdict: "On the claim of plaintiff Howard Wilson for personal injury, we, the undersigned jurors, assess percentage of fault as follows: Defendant Tabor 0% (zero to 100%) Plaintiff Wilson 100% (zero to 100%)." The jury then found plaintiff's damages to be $ 0 , and the verdict was signed by all twelve members.

The sole point of plaintiff assigns as error the giving for defendant of Instruction No. 7: "You must assess a percentage of fault to plaintiff Howard Wilson if you believe: First, plaintiff Howard Wilson opened the car door when it was not reasonably safe to do so, and Second, plaintiff Howard Wilson was thereby negligent, and Third, such negligence of plaintiff Howard Wilson directly contributed to cause any damage plaintiff Howard Wilson may have sustained. [MAI 32.01 (Modified) ]"

It is essentially plaintiff's argument that because the evidence was contradictory between that of plaintiff (who testified that he opened the car door at the stop sign), and that of defendant and her witnesses

(that plaintiff opened the car door after defendant completed her left turn when he jumped out), and since Instruction No. 7 required no finding of which version was true, it gave the jury a roving commission to find plaintiff's negligent fault under either theory, submissible or insubmissible. It is said that the instruction was prejudically erroneous because it permitted defendant to benefit from an affirmative defense to which she was not entitled, as a matter of law, and which she could not have submitted expressly: that of an assessment of fault to plaintiff on a finding that he was negligent in opening the car door while it was stopped.

In his brief, plaintiff cites *Rucker v. Alton R. Co.*, 343 Mo. 929, 123 S.W.2d 24, 26[9, 10] (1938); and *Picarella v. Great Atlantic & Pacific Tea Company*, 316 S.W.2d 642, 650[14–16] (Mo.App.1958), both of which held that a litigant cannot submit his case upon evidence which contradicts his own positive evidence and testimony. Since the submission of this case, plaintiff has candidly informed the court that *Tomlin v. Alford*, 351 S.W.2d 705, 712 (Mo. 1962), held that the *Rucker* and *Picarella* cases, to the extent they conflict with the views expressly in *Tomlin*, should no longer be followed. Seemingly, the *Tomlin* court held that even though defendant had adduced evidence inconsistent with one of its defensive pleas, yet the issue of plaintiff's contributory negligence was nevertheless submissible in each of the prior cases, because in each there was evidence to warrant submission of contributory negligence (in *Rucker*, that decedent went on the tracks immediately in front of the train without stopping, if stopping were necessary to effective listening; and in *Picarella*, the plaintiff could have seen the hole in the basket before placing the soda bottle near the hole). The *Tomlin* case does not change the rule, long established, that the burden of proving contributory negligence is upon defendant. See *Mitchell v. Buchheit*, 559 S.W.2d 528, 530[1, 2] (Mo. banc 1977); *Brotherton v. Burlington Northern R.R. Co.*, 672 S.W.2d 133 (Mo.App. 1984). It is not necessary to consider the matter of inconsistent evidence as it might bear on the contention of a roving commission, because of the ruling of harmless error below.

Since the submission of this case, *Koch, et al. v. Bangert Brothers Road Builders, Inc., et al.*, 697 S.W.2d 315 (Mo.App.1985), has been received. There, plaintiffs charged negligence against general contractors Bangert and Millstone, apparently based upon their negligence in failing to set up warning signs on a gap in new pavement into which decedent drove and lost control of his truck, which resulted in his death. Defendants had converse instructions under MAI 33.03(4), directing verdicts for them unless the jury believed they were negligent as submitted in Instruction No. 7 (which apparently permitted the jury to find defendant's negligence in failing to set up warning signs). The jury found for both defendants, as the court states, on the converse instructions. On appeal, plaintiffs contended that instructions on decedent's contributory negligence which submitted his intoxication to the extent that his driving ability was impaired, and his failure to keep a lookout was erroneous because there was insufficient evidence to support a finding that he failed to keep a lookout. The court said that the jury found that the defendants were not negligent, and "Mr. Koch's failure to keep a lookout thus became irrelevant. Any error in the lookout instruction was cured by the findings in favor of Bangert and Millstone." Any error was held to be harmless.

So it is also in this case. The finding in favor of defendant on converse Instruction No. 6 cured any error in the giving of contributory negligence Instruction No. 7. The jury found defendant's percentage of fault to be zero, which amounts to a finding of no negligence under plaintiff's verdict director, and this is true even though the jury went further and found plaintiff to be 100% at fault. A different situation might be presented if the converse instruction had not been given, which would have then focused attention upon whether In-

struction No. 7 gave the jury a roving commission to find an impermissible basis for plaintiff's contributory negligence. As it stands, the giving of Instruction No. 7 must be deemed to be harmless error, as in the analogous Koch case, supra.

The judgment is affirmed.

All concur.