

## NUMBER 13-09-00110-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

BERNARD BUECKER, ADMINISTRATOR OF THE
ESTATE OF CHRISTINE WESNER STANDIFER,                    Appellant,

v.

WILLIAM L. HARDWICK AND STATE
FARM FIRE & CASUALTY COMPANY,                            Appellees.

On appeal from the County Court
of Live Oak County, Texas.

## MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Vela**
**Memorandum Opinion by Justice Benavides**

Appellant Bernard Buecker, administrator of the estate of Christine Wesner

Standifer, filed a negligence case against the former temporary administrator of the estate, William L. Hardwick, and his bonding insurance agency, State Farm Fire & Casualty Company.[1]  Buecker claimed Hardwick was negligent when he failed to file a medical malpractice action on behalf of the estate against Joseph C. Roell, M.D. before the statute of limitations expired.  By five issues, Buecker contends the trial court abused its discretion or erred when it:  (1) denied Buecker's motion for continuance; (2) struck his affidavit; (3) struck the affidavit of Matthew Hoffman, M.D.; (4) granted Hardwick's no-evidence motion for summary judgment; and (5) denied Buecker's motion for a new trial.  We affirm.

## I. BACKGROUND

The decedent, Standifer, died on March 2, 2000.  Standifer's last will and testament named her physician, Dr. Roell, as the personal representative of her estate.  Standifer's nephew, Michael Gollmer, contested Standifer's will.[2]  Gollmer filed a petition in intervention, which he later amended, alleging that Standifer's will was a forgery, that Dr. Roell "caused [Standifer's] death by over[-]prescribing drugs," and challenged Dr. Roell's appointment as Standifer's estate administrator.  Gollmer's lawsuit further alleged that Dr. Roell's appointment was a conflict of interest as Standifer's "estate ha[d] a claim against Dr. Roell for malpractice and negligence."

While Standifer's will was being contested, the probate court appointed Hardwick

---

[1] Our court issued a related opinion to this case in 2009.  *See Buecker v. Roell*, No. 13-07-00515-CV, 2009 Tex. App. LEXIS 9058 (Tex. App.—Corpus Christi Nov. 24, 2009) (mem. op.).  Although some of the facts and parties are the same, the causes of action and issues on appeal we addressed in *Buecker v. Roell* are significantly different from this case.

[2] Gollmer was also identified as Standifer's half-brother in a different part of the record.

as temporary administrator of Standifer's estate. Hardwick's temporary appointment lasted for six months from June 28, 2001 to December 29, 2001. Hardwick was re-appointed on March 6, 2002 to serve indefinitely as the temporary administrator; accordingly, no one represented Standifer's estate between December 29, 2001 and March 6, 2002. Any potential health care liability lawsuit that Standifer's estate might have pursued expired two years after Standifer's death on March 2, 2002, at a time when there was no appointed administrator to pursue any possible claim.[3]

Also during this time, the Texas State Board of Medical Examiners[4] conducted a confidential investigation into Dr. Roell's medical practices. On August 16, 2002, the Board issued a Final Order revoking Dr. Roell's license to practice medicine in the State of Texas. The Final Order maintained the confidentiality of all of Dr. Roell's patients whose care was investigated by referring to them by initials only and not by name. Notably, there was one patient referenced as C.W.S.—the same initials as the deceased in this case.

Hardwick was discharged as temporary administrator of the estate and Buecker was appointed on December 31, 2002. Four years later, in December of 2006, Buecker filed a lawsuit against Hardwick and his surety, State Farm Fire & Casualty Company, alleging that Hardwick was negligent for failing to pursue a health care liability claim

---

[3] Because Standifer's estate would have filed a medical malpractice lawsuit prior to 2003, section 4590i of the Texas Revised Civil Statutes would have governed the lawsuit. *See* TEX. REV. CIV. STAT. ANN. art. 4590i, § 10.01 (Vernon 2002). Section 4590i has now been codified in the Texas Civil Practices and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251 (Vernon 2010) ("no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed. . . .").

[4] The Texas State Board of Medical Examiners was renamed the Texas Medical Board in 2007.

3

against Dr. Roell. In October of 2008, Buecker filed a motion for continuance, which the trial court denied. At the same time, Hardwick filed a motion for a no-evidence summary judgment. Buecker filed a response to this motion and included two affidavits, his own and one from Matthew Hoffman, M.D., to attempt to raise a genuine issue of material fact on the viability of a medical malpractice claim. The trial court struck the proffered affidavits and granted the no-evidence motion for summary judgment. Buecker then filed a motion for new trial, which was denied by operation of law. This appeal followed.

## II. ANALYSIS

### A. The Motion for Continuance

By his first issue, Buecker claims the trial court abused its discretion when it denied his motion for continuance.

#### 1. Standard of Review

Texas Rule of Civil Procedure 251 provides that a trial court may grant a continuance only for "sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. The decision to grant or deny a motion for continuance is within the sound discretion of the trial court. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). A trial court's denial of a motion for continuance will not be disturbed unless the trial court has committed a clear abuse of discretion. *Id.*; *Joe v. Two Thirty-Nine J.V.*, 145 S.W.3d 150, 161 (Tex. 2004). Reversal of the lower court's decision should occur if the record reflects "that the trial court has disregarded the party's rights." *Yowell v. Piper Aircraft Corp.*, 703 S.W.2d

4

630, 635 (Tex. 1986); *Dallas Indep. Sch. Dist. v. Finlan*, 27 S.W.3d 220, 235 (Tex. App.–Dallas 2000, pet. denied).  An appellate court may reverse for abuse of discretion only when, after examining the entire record, it determines the trial court's ruling was arbitrary and unreasonable.  *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987).

### 2. Analysis

Here, Buecker argues that the trial court should have granted the motion for continuance because he did not have enough time to conduct discovery.  In particular, Buecker moved for the continuance because he wanted to take the deposition of Keith Miller, M.D.  Dr. Miller had apparently testified against Dr. Roell in an administrative law hearing before the Texas Board of Medical Examiners in 2001.  Buecker argued that despite his "diligent attempts" at scheduling Dr. Miller's deposition in the underlying case, he had been unable to do so and needed additional time.

The record, however, does not support this argument.  The underlying case was filed on December 29, 2006.  When Buecker filed his motion for continuance in October of 2008, the parties had exchanged written discovery and had taken the deposition of Hardwick.  In light of the fact that Buecker had two years to conduct discovery, and, in fact, did conduct discovery (including depositions), we cannot say that the trial court abused its discretion when it denied Buecker's motion for continuance.  *See BMC Software Belg.*, 83 S.W.3d at 800-01.  The ruling was not arbitrary or unreasonable. *See Simon,* 739 S.W.2d at 795.  We overrule Buecker's first issue.

5

**B.    The Affidavit of Bernard Buecker**

### 1.  Standard of Review and Applicable Law

By his second issue, Buecker also argues that the trial court abused its discretion when it struck his own affidavit filed in response to Hardwick's no-evidence motion for summary judgment.   Pursuant to Texas Rule of Civil Procedure 166a(f), summary judgment affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."   TEX. R. CIV. P. 166a(f).   To have probative value, an affiant "must swear that the facts presented in the affidavit reflect his personal knowledge."  *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008) (citing *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 224 (Tex. 2004)).   An affiant's *belief* about the facts is legally insufficient.  *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984) (emphasis added). "Rulings concerning the admission or exclusion of summary judgment evidence are reviewed under an abuse of discretion standard."  *Barraza v. Eureka Co.*, 25 S.W.3d 225, 228 (Tex. App.–El Paso 2000, pet. denied).

### 2.  Analysis

Hardwick objected to Buecker's affidavit, filed in response to a motion for a no-evidence summary judgment, on the grounds that it was "rife with hearsay statements," contained "inconsistencies," and was not clear or direct.  Buecker's affidavit, in relevant part, stated the following:

> I began my investigation some weeks to a month after Ms. Standifer died.
> This involved talking to the deputy sheriff in Live Oak County assigned to

6

the case, the County in which Ms. Standifer lived and died, Beeville City police officers where Dr. Roell has his practice and just asking people around the community and Ms. Standifer's neighbors. Through these conversations, I discovered in the year 2000 that Dr. Roell had a reputation of over[-]prescribing drugs in his practice and that there were a lot of complaints about his type of treatment.

I discovered later that year, to the best of my recollection from his ex wife, that an action had begun against him by the Texas State Board of Medical Examiners, regarding the treatment of his patients.

On or about January 15th, 2002, by request, I received . . . [documentation] which stated that Christine Standifer died of a drug overdose.

Buecker's affidavit appears to rely upon hearsay statements from an unnamed deputy sheriff and numerous unnamed police officers and neighbors to form his opinion that Dr. Roell committed medical malpractice when treating Standifer. These second-hand statements belie Buecker's representation that Dr. Roell's alleged deficient medical treatment of Standifer is within Buecker's "personal knowledge." Furthermore, there is no statement in the affidavit which verifies that all the statements made are true. *See Humphreys v. Caldwell*, 888 S.W.2d 469, 470-71 (Tex. 1994) (holding that an affidavit was legally insufficient because there was "no representation whatsoever that the facts disclosed therein [were] true.").

In light of Buecker's reliance on hearsay statements and his failure to state that his facts were true, we cannot say that it was an abuse of discretion for the trial court to strike Buecker's affidavit. *Barraza*, 25 S.W.3d at 228; *see also* TEX. R. CIV. P. 166a(f). The ruling was not arbitrary or unreasonable in light of the affidavit's noted flaws. *Simon*, 739 S.W.2d at 795. We overrule Buecker's second issue.

7

### C. The Affidavit of Matthew Hoffman, M.D.

In his third issue, Buecker complains that the trial court wrongly struck the affidavit of Matthew Hoffman, M.D., which was also submitted in response to Hardwick's no-evidence motion for summary judgment. In his affidavit, Dr. Hoffman, a Georgia physician who is board certified by the American Board of Internal Medicine, opined that Dr. Roell failed to meet the standard of care when treating Standifer. Dr. Hoffman concluded, among other things, that Dr. Roell's continuous treatment of Standifer with highly addictive pain medications contributed to her demise and ultimate death. In response, Hardwick objected that Hoffman's affidavit was improper because he was not timely designated as an expert per the court's Docket Control Order. The trial court sustained Hardwick's objections and struck Dr. Hoffman's affidavit.

#### 1. Standard of Review and Applicable Law

"Under rule 193.6, discovery that is not timely disclosed and witnesses that are not timely identified are inadmissible as evidence." *Fort Brown Villas III Condo. Ass'n Inc. v. Gillenwater*, 285 S.W.3d 879, 881 (Tex. 2009); *see also* TEX. R. CIV. P. 193.6(a). "A party who fails to timely designate an expert has the burden of establishing good cause or a lack of unfair surprise or prejudice before the trial court may admit the evidence." *Gillenwater*, 285 S.W.3d at 881 (citing TEX. R. CIV. P. 193.6(a)). In *Gillenwater*, the Texas Supreme Court held that evidentiary rules, such as Rule 193.6 which deals with the exclusion of expert evidence, apply equally in trial and summary judgment proceedings. *Id.* Consequently, the evidence presented at the summary judgment stage should be the same as the evidence presented at trial. *Id.* at 882. "A

8

trial court's exclusion of an expert who has not been properly designated can be overturned only upon a finding of abuse of discretion." *Id.* at 881 (citing *Mentis v. Barnard*, 870 S.W.2d 14, 16 (Tex. 1994)).

### 2. Analysis

As noted earlier, the underlying case was filed on December 29, 2006. Pursuant to the case's Docket Control Order, Buecker's deadline for the designation of experts was August 1, 2008. He missed this deadline. In addition, his responses to Hardwick's Request for Disclosure did not reference an expert. Instead, his response confusingly indicated that his experts were, "The State Board of Medical Examiner's positions engaged in a suit against Dr. Roell." Hoffman's expert opinions were produced for the first time on October 1, 2008—two months after the expert designation deadline and eight years after the alleged malpractice occurred against Standifer. Because Rule 193.6 allows a trial court to exclude an untimely expert affidavit in summary judgment proceedings, we hold that the trial court did not abuse its discretion in striking Hoffman's affidavit. *See id.* at 882. We overrule Buecker's third issue.

### A.     The No-Evidence Motion for Summary Judgment

Buecker also appealed the trial court's granting of Hardwick's no-evidence motion for summary judgment.

### 1.  Standard of Review

Under a summary judgment filed under Rule 166a(i), the appellate court reviews the evidence in the light most favorable to the party against whom the summary judgment was rendered, disregarding all contrary evidence and inferences. Tᴇx. R. Cɪv.

9

P. 166a(i); *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997); *Whalen v. Condo Consulting & Mgmt. Servs., Inc.*, 13 S.W.3d 444, 446 (Tex. App.–Corpus Christi 2000, pet. denied). The nonmovant need not "marshal its proof"; instead, it need only point out evidence that raises a fact issue on the challenged elements. TEX. R. CIV. P. 166a(i). When a motion for summary judgment is based on no evidence grounds,

1. the no-evidence motion can only be brought against "a claim or defense on which an adverse party would have the burden of proof at trial,"

2. "the motion must state the elements as to which there is no evidence,"

3. "the motion must be specific in challenging the evidentiary support for an element of a claim,"

4. "paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case,"

5. "its response need only point out evidence that raises a fact issue on the challenged element"; and

6. "the respondent is not required to marshal its proof."

*See Oasis Oil Corp. v. Koch Ref. Co.*, 60 S.W.3d 248, 250 (Tex. App.–Corpus Christi 2001, pet. denied) (internal citations omitted).

The non-movant must produce summary judgment evidence raising a genuine issue of material fact to defeat the summary judgment under Rule 166a(i). TEX. R. CIV. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced. *Ridgway*, 135 S.W.3d at 600 (citing *Morgan v. Anthony,* 27 S.W.3d 928, 929 (Tex. 2000)).

10

## 2. Analysis

After Hardwick filed his no-evidence motion for summary judgment, Buecker had the burden to bring to the court a scintilla of summary judgment evidence to raise a fact question regarding the existence of a viable health care liability claim.  *Id.*  Upon review of the record, we find that the trial court did not abuse its discretion when it determined that Buecker failed to raise a fact issue.  Buecker's only evidence—his own affidavit and Dr. Hoffman's affidavits—did not constitute competent evidence and were struck.  Thus, Buecker, as the non-movant, failed to meet his burden.

Moreover, there was no competent evidence that Hardwick, during his short stint as temporary administrator of the Standifer estate, had support for filing a health care liability lawsuit before the expiration of the statute of limitations on March 2, 2002.  We acknowledge that the Texas State Board of Medical Examiners was conducting a confidential investigation into Dr. Roell's medical practice while Hardwick was temporary administrator.  However, Buecker presented no evidence to the court that Hardwick was aware of this confidential investigation, much less evidence establishing its relevance (if any) to Standifer's estate.  When the Board of Medical Examiners issued its final order which revoked Dr. Roell's medical license on August 16, 2002, the statute of limitations for any viable claim had already expired.   The revocation order did not name Standifer.  Although the order referenced a patient with Standifer's initials, this alone was not enough to raise a fact question regarding Dr. Roell's alleged duty, breach of care, causation, or damages to Standifer.

We cannot say that the trial court erred when it granted Hardwick's no-evidence

11

motion for summary judgment. Simply stated, there was no competent evidence that showed Hardwick was negligent by not filing a health care liability suit on behalf of Standifer's estate against Dr. Roell. *Ridgway*, 135 S.W.3d at 600. We overrule Buecker's fourth issue.

### B.  The Motion for a New Trial

Buecker's final issue appeals the trial court's denial of his motion for a new trial, which was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c) (providing that a motion for a new trial is overruled by operation of law if a ruling on the motion is not signed within seventy-five days after the final judgment was signed).

### 1.  Standard of Review and Applicable Law

"A motion for new trial must, by its very nature, seek to set aside an existing judgment and request relitigation of the issues." *Barry v. Barry*, 193 S.W.3d 72, 74 (Tex. App.–Houston [1st Dist.] 2006, no pet.). Under Rule 320, a new trial may be granted "for good cause, on motion, or on the court's own motion." TEX. R. CIV. P. 320. The trial court has broad discretion in granting a new trial. *In re Columbia Med. Ctr.*, 290 S.W.3d 204, 210 (Tex. 2009). The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules or principles, leading to a result that is arbitrary and unreasonable. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985).

### 2.  Analysis

Here, Buecker's motion for new trial and amended motion for new trial did not present any new grounds for argument. Instead, the motions merely re-submitted the

affidavits of Buecker and Dr. Hoffman, which we have already held were struck within the court's proper discretion. The amended motion for new trial also relied on the Texas Board of Medical Examiners' revocation of Dr. Roell's license as a basis to support a health care liability claim. Even assuming this represented notice that a health care liability lawsuit might be warranted, it was issued five months after the statute of limitations expired. Given these unchanged circumstances, it was well within the trial court's discretion to implicitly deny the motion for new trial by not ruling on it. We overrule Buecker's final issue.

### III. CONCLUSION

Having overruled all of Buecker's issues on appeal, we affirm the trial court's decision.

_____

GINA M. BENAVIDES,
Justice

Delivered and filed the
24th day of February, 2011.