**Geneva Asbridge SIGMAN, Appellant (Plaintiff),**

**v.**

**Carrie KOPP (Huff), and R. B. Manley, Executor of the Estate of Emil Charles Schramm, deceased, Respondents (Defendants).**

**No. 49902.**

Supreme Court of Missouri,

Division No. 1.

May 11, 1964.

———◆———

Thomas B. Maloney, William L. Mason, Jr., St. Louis, for appellant.

E. L. McClintock, Jr., Flat River, for respondent R. B. Manley, Executor of the Estate of Emil Charles Schramm, Deceased.

Samuel Richeson, Dearing, Richeson, Weier & Roberts, Hillsboro, for respondent Carrie Kopp (Huff).

WELBORN, Commissioner.

This is an action for damages for personal injuries sustained by plaintiff, Geneva Asbridge Sigman, as a result of an automobile collision involving the vehicle in which Mrs. Sigman was a passenger and driven by defendant Carrie Kopp (Huff), a second vehicle driven by defendant R. B. Manley's decedent, Emil Charles Schramm, and a third vehicle driven by Leroy Alvin Blain. Blain was a party defendant in the action, but it was dismissed as to him for lack of service of process. A jury in the St. Francois County Circuit Court returned a verdict for defendants. After an unsuccessful motion for new trial, plaintiff appealed. In view of her prayer for damages in the amount of $75,000, we have jurisdiction of the appeal.

The incident out of which this litigation arose occurred at around 8:00 A.M., September 11, 1959, on U. S. Route 67 in St. Francois County, some 2 miles north of Farmington, near the entrance to Parkview Cemetery. At this point, Highway 67 was an 18-foot, 2-lane concrete highway, running generally north and south. There was a 9-foot shoulder on the west side. On the east side of the highway, the entrance to the cemetery provided a shoulder of some 30 feet in width. In the southbound lane of

the highway there was a yellow line indicating a no-passing zone because of a fairly steep hill cresting from 200 to 250 feet to the south of the beginning of the line and a curve.

Just before the collision, the Blain vehicle was following the Kopp car as both proceeded south on Route 67. Blain pulled into the northbound lane and started to pass the Kopp car. As he did so, the vehicle driven by Mr. Schramm came into view, proceeding northwardly in the northbound lane, just at the crest of the hill. The Blain car overtook the Kopp car and turned back into the southbound lane. In doing so, it struck the Kopp car. Mrs. Kopp was unable to control the vehicle and it ran off the highway into a tree on the east side of the highway, with injury resulting to plaintiff.

Schramm endeavored to steer his vehicle onto the shoulder on the east side of the highway. However, the Blain car struck the left rear fin of the Schramm car before it got completely off the highway. Whether the Blain car struck the Kopp or Schramm vehicle first was a question on which testimony differed.

The highway patrolman who investigated the accident found damage to the Blain car on the left front and the right side near the front door. The Kopp car was damaged on the left side at "approximately the middle of the car." The damage to the Schramm vehicle was on the back part of the left rear fender.

Debris was found in two places on the highway. One pile was on the east edge of the highway and the other in the center, mostly on the south bound lane. The second pile of debris was a few feet south of the first. The debris was approximately 150 feet from the north end of the no-passing zone in the southbound lane and some 100 feet from the crest of the hill.

Plaintiff's claim was submitted to the jury on instructions charging negligence on the part of Kopp and Schramm in failing to maintain a careful and vigilant lookout and,

as a result, failing to see the other vehicles involved in time to avoid the collision by slackening speed and turning. Defendants submitted in separate instructions the defense of the negligence of Blain as the sole cause of the accident. As stated above, the jury returned a verdict for defendants.

On this appeal, two points are raised as error on the part of the trial court. The first relates to testimony of Trooper Darwin James concerning a statement by the deceased Schramm at the scene of the collision. The Trooper, a witness for plaintiff, testified that he investigated the accident. On direct examination, he testified, without objection, that he had interrogated Mrs. Kopp after the accident at a hospital in Bonne Terre and that she stated: "It all happened so fast I don't know just what did happen." He also testified that he talked to Blain who stated: "I was coming down the hill following two cars. The back one put on her brakes. I pulled out in order to put on my brakes and this other car came over the hill and I didn't have time to get back in."

On cross-examination by counsel for defendant Kopp, the Trooper was asked whether he talked to Mr. Schramm at the scene of the collision. Upon his answering affirmatively, the Trooper was asked: "And did you ask him about what took place and what happened with respect to this accident and what caused it?" Counsel for plaintiff objected on the grounds that, by reason of the death of Schramm, he could not be cross-examined as to any statement he had made. Counsel for defendant Manley objected on the basis of the Dead Man's Statute. Counsel for Kopp contended that the statement was admissible as an admission against interest. The court overruled the objections and permitted the Trooper to testify. The testimony was that Schramm said: "I was going north and I saw this car pull out toward me. I tried to get off and almost made it but he hit me."

In her motion for new trial, plaintiff contended that the admission of this testimony

was error because "said Schramm was deceased and could not be cross-examined with respect to said statement and the Plaintiff was prohibited from testifying as to the negligence of said deceased."

On this appeal, plaintiff contends that admission of the testimony was erroneous because "(A) The question called for hearsay; (B) The question came within no exception to the hearsay rule, since no foundation was laid to show that an answer given could have been a verbal act or a part of the res gestae; (C) The question clearly admitted of an answer which would be a self-serving declaration on the part of Schramm; (D) The question violated the rule requiring an opportunity for cross-examination; (E) The statement given in answer to the question was entirely self-serving on the part of Schramm."

Respondents reply that no objection was made at the trial that the question called for hearsay testimony and, therefore, such grounds cannot be urged on appeal. They further contend that the evidence was of the same character of evidence as that adduced by the plaintiff herself and that the plaintiff was not prejudiced by the statement because it was consistent with the testimony of other witnesses on the question and further that the statement in any event was admissible as a statement against interest.

■ An objection to the admissibility of a statement of a person on the grounds that the party against whom it is offered would be deprived of the right of cross-examination is nothing more than objection that the proposed testimony is hearsay. Allen v. St. Louis Public Service Company, 365 Mo. 677, 285 S.W.2d 663, 666(1). Therefore, we do not consider that the objection in the trial court failed to present the objection that the testimony was hearsay.

■ We are of the opinion that, by reason of the doctrine of curative admissibility, there was no error in the admission of this evidence. Plaintiff on her direct examina-

tion of the Trooper adduced the hearsay statements of Mrs. Kopp and Blain. Plaintiff is in no position to complain that counsel for Kopp completed the picture by drawing from the witness the statement of Schramm, the driver of the third vehicle. It was evidence of the same caliber as that originally brought into the case by plaintiff. Although Mrs. Kopp was present and could be cross-examined regarding her statement, it was not necessary in view of its innocuous content. Blain was unavailable for cross-examination as was Schramm. Having opened the door, appellant is in no position to complain that one of the respondents followed her lead. Biener v. St. Louis Public Service Co., Mo.App., 160 S.W.2d 780, 785–786(5–10); Corley v. Andrews, Mo. App., 349 S.W.2d 395, 403(8). See also Dickerson v. St. Louis Public Service Co., 365 Mo. 738, 286 S.W.2d 820, recognizing the doctrine although not applying it under the circumstances of that case.

■ Plaintiff's second assignment of error relates to the giving of Instruction No. 5 offered by defendant Kopp. That instruction read as follows:

"The Court instructs the Jury that if you believe and find from the evidence in this case that on the occasion in question the defendant was operating her automobile southwardly along Highway 67 in St. Francois County, Missouri, ahead of an automobile operated by Alice Trokey, and that the defendant Emil Schramm was operating his automobile northwardly along the said highway, and that LeRoy Blain was operating his automobile southwardly along said highway to the rear of Mrs. Kopp's automobile and that he undertook to pass her automobile at a time when the automobile of Mr. Schramm was approaching so closely as to constitute an immediate hazard of collision, and if you find that while the said LeRoy Blain was on his left hand side of the highway he turned and came into collision with Mrs. Kopp's automobile

when (sic) then left the road and struck an obstruction, and if you find that Mrs. Kopp's automobile was caused to go out of control by the collision with the Blain automobile and that Mrs. Kopp was not thereafter by the exercise of the highest degree of care able to control her automobile and avoid its collision with the said obstruction, and that in so operating his automobile, LeRoy Alvin Blain was negligent and that such negligence, if any, was the sole direct cause of Mrs. Kopp's automobile leaving the road and plaintiff's injuries, and that the same were not due to any negligence of Mrs. Kopp as submitted to you in other instructions, that the plaintiff cannot recover against Mrs. Kopp, and you must find the issues in favor of Mrs. Kopp and against the plaintiff."

Plaintiff contends that the obviously inadvertent use of the word "that" instead of "then" in connection with the phrase "that the plaintiff cannot recover against Mrs. Kopp" made the instruction a "positive direction to find for defendant Kopp 'irregardless.'" In reaching this conclusion, plaintiff completely ignores all of the language which appears in the instruction following "The Court instructs the Jury" and would construe the instruction as if it read "The Court instructs the Jury that plaintiff cannot recover against Mrs. Kopp and you must find the issues in favor of Mrs. Kopp and against plaintiff." We are of the opinion that jurors of average intelligence would recognize that, under this instruction, they should reach such conclusion only if they found the facts to be as hypothesized. Certainly it would be clear to jurors that the matters which they were required to find in the instruction were not meaningless. Obviously, for example, jurors would understand that, before they could find for Mrs. Kopp under this instruction, they must have determined that

she was not negligent as submitted in other instructions. Likewise, we think it clear, that the jurors would have understood that they were required under this instruction to find that Blain's negligence was the sole cause of the injuries to the appellant. The necessity of similar findings with respect to the other matters set out would have been equally clear.

We do not find in this instruction the tendency to confusion which existed in the instruction found erroneous in Braun v. Hoffmeister, Mo.Sup., 366 S.W.2d 406, cited by the appellant. There, as pointed out by appellant, the misplacing of a comma produced an instruction concerning which the court said (1. c. 408 of 366 S.W.2d): "The true meaning of the instruction, as phrased, is calculated (without design, of course) to be confusing even to a person with legal experience; certainly, it could be misleading to a lay jury." In our opinion, both lawyers and laymen would readily understand the instruction here involved and its being given is not grounds for error. Chailland v. Smiley, Mo.Sup., 363 S.W.2d 619, 625–626(6); Hines v. Western Union Telegraph Co., 358 Mo. 782, 217 S.W.2d 482, 487(6); Schmidt v. Windish, Mo.Sup., 304 S.W.2d 891, 895.

We add that, in setting out Instruction No. 5 herein, we do not indicate our approval of the instruction. We consider only the objection here raised.

Finding no error, the judgment of the trial court is affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.