Verma YOUNG, Plaintiff-Respondent,

v.

Gerald DUERINGER, a minor, Harold G. Dueringer, Guardian Ad Litem, Defendant-Appellant.

No. 32072.

St. Louis Court of Appeals.

Missouri.

March 15, 1966.

J. Richard Roberts, Dearing, Richeson, Weier and Roberts, Hillsboro, for defendant-appellant.

George G. White, Richard E. Baker, Douglas H. Jones, St. Louis, for plaintiff-respondent.

TOWNSEND, Commissioner.

Appeal from a judgment upon a verdict in favor of plaintiff for personal injuries suffered in an automobile collision.

The collision occurred on a bridge on Highway 21–A, near Victoria in Jefferson County. An inclined approach, at each end, eighty-two and one-half feet long, leads to the level surface of the bridge, which is one hundred and thirty-two feet long. The black-top surface of the bridge and of each approach is twelve feet and eight inches in width. Plaintiff, riding in a car driven by her husband and jointly owned by them, approached the bridge from the west. Defendant, operating the other car involved, approached from the east. The testimony on each side was in many respects flatly contradictory of that on the other. There were irreconcilable differences of statement as to the speed of each car, which one reached the surface of the bridge first, and which entered first upon the inclined approach. The impact of the vehicles was in the center of the bridge, closer to its west end than to the east. Both parties have referred to the bridge as a one-way bridge, although there is some testimony that two cars could pass on the bridge if they were travelling slowly.

In the course of the trial the highway patrolman who investigated the accident was asked his opinion as to the locale of impact; he answered without objection from the defendant. Thereafter, under questioning by plaintiff, he testified without objection concerning the direction of travel of each car and even as to what each driver was doing at the moment of impact. This latter information was apparently derived from his report of the accident,

although he did not arrive at the scene until thirty-five minutes after the collision. Upon cross-examination defence counsel asked the patrolman's opinion as to the speed of the vehicle driven by plaintiff's husband. Plaintiff's objection to the question was sustained. Defendant cites this action of the trial court as prejudicial error and asserts his right to the admission of the requested testimony under the doctrine of curative admissibility. Defendant's contention seems to amount to this: Since I didn't object to the opinion testimony which you sought, you cannot object to the opinion testimony from the same witness which I desire to elicit, and so takes on the aspect of a tactical game. Upon defendant's offer of proof, the trial court pointed out that he had looked to defendant for an objection to plaintiff's questions and would have sustained such objection if it had been made.

In a similar situation this Court has said:

"An objection to the admission of evidence is waived where the same or similar evidence has been adduced by the party objecting."

* * *

"The evidence which appellant sought to introduce was of the same hearsay character as that offered by respondent. Neither party made any attempt to qualify the records as evidence admissible under section 490.680 RSMo 1949, V.A.M.S., and since respondent was the first to resort to hearsay in support of his cause, he is, under the circumstances, in no position to object to appellant meeting it with evidence of like kind. The doctrine of curative admissibility is applicable."

* * *

"While ordinarily the use of curative evidence of the character offered by appellant herein and excluded below rests within the sound discretion of the trial court, we see nothing in the record which justifies the exercise of that discretion against the admission of the evidence offered. On the contrary, it is our judgment that the facts show an abuse of discretion which has resulted in manifest injustice to the appellant." Dorn v. St. Louis Public Service Co., Mo.App., 250 S.W.2d 859, 865, 867.

Defendant's citation of precedent showed the application of the doctrine of curative admissibility for the purpose of sustaining a trial court's admission of testimony which but for the asserted doctrine would otherwise have been inadmissible. Sigman v. Kopp, Mo., 378 S.W.2d 544. That is not the situation here.

■ We review the matter in the light both of Dorn v. St. Louis Public Service Company, supra, and Sigman v. Kopp, supra. In Sigman v. Kopp, at the solicitation of the plaintiff, a highway patrolman testified without objection to what a now unavailable participant in a three-car collision had told him about the accident. Upon cross-examination by one of the defendants, the patrolman was asked what another of the participants in the collision, since deceased, had told him about the accident. Plaintiff objected because of inability to cross-examine; the objection was overruled and the trooper testified. Referring to the doctrine of curative admissibility, the Supreme Court held that there was no error, saying "Plaintiff is in no position to complain that counsel for Kopp completed the picture by drawing from the witness the statement of Schramm, the driver of the third vehicle. It was evidence of the same caliber as that originally brought into the case by plaintiff. * * * Having opened the door, appellant is in no position to complain that one of the respondents followed her lead." At 547 of 378 S.W.2d. In the instant case, the testimony proferred by defendant was of the same general caliber as that solicited from the patrolman by plaintiff, particularly those portions relating to "going straight through", "stopped", "slowing or stopping and skidding", all derived from the patrol-

man's report. While we do not have a feeling of complete assurance as to the limits of the doctrine of curative admissibility, we do feel constrained here by the rationale employed by the Supreme Court in Sigman v. Kopp, supra. Hence we find that there was prejudicial error in the action of the trial court in excluding the testimony.

Defendant charges further error in the admission of evidence of an aggravation of plaintiff's arthritis, since the petition made no allegation relating thereto. The first mention of arthritis occurred in the course of testimony by plaintiff's medical witness when he was giving his interpretation of what one of the X-rays of plaintiff's back revealed. He stated: * * * there's evidence of degenerative arthritis of the front margins [of certain vertebrae] * *." Interpreting another X-ray, he said that it "again shows a hypertrophic arthritis in C-4, 5 and 6." And as to a third, he testified that it showed "the same sharpness of the anterior edge of the vertebrae representing degenerative arthritis." When asked the significance of his findings, he stated that "the ostearthritis would represent arthritis just as I said, it might or might not be trauma." Up to this point the witness' testimony, insofar as arthritis was concerned, involved only explanation of what the X-ray pictures disclosed of plaintiff's physical structure.

Witness was then asked: "Doctor, has arthritic changes in cervical vertebrae and having no pain or disability from it, if they are in an accident and have pain in that area, is this a common or frequent occurance [sic] from trauma?" Defendant's objection to the question was overruled; without waiting for an answer, counsel put to the witness the further question: "What's the relationship between a dormant arthritic condition, and one which is painful, in a rather short explanation?" Answer: "The degenerative arthritis has its onset so insidiously that there's never a pain in it until an intervening accident causes pain and sets it up into activity."

Upon cross-examination, the following questions and answers were had:

"Q. Now doctor, you've indicated that there was degenerative arthritis. You're not saying the accident on July 4th, 1961, caused that, are you?

A. Certainly not. At that time, the x-rays showed that it was present on 7/26/63.

Q. That's right. You're not saying the accident in July 1961, caused that?

A. No, sir."

Immediately thereafter on redirect examination counsel asked: "Are you saying the accident of July the 4th, 1961, aggravated this condition?" to which the answer was "Yes."

■ Plaintiff counters defendant's objection by asserting that objection must be raised as soon as grounds therefor become apparent; he says that defendant cannot be heard to complain because he did not conform to that requirement and makes reference to that part of the transcript where the witness first mentioned arthritis. The brief review of the witness' testimony, first set out above, shows that up to a certain stage it involved only an explanation—an interpretation—of what the X-rays revealed without any attempt at that point to link the arthritic condition to the accident. As soon as the questioning of the witness disclosed a purpose to relate that condition to plaintiff's injuries, defendant objected and was overruled. Until then there was no occasion to object to the witness' reading of any portion of the X-ray. The objection was timely made.

■ Plaintiff says that the question to which objection was made was not answered and hence there could be no error. We believe that the question was successfully repeated and an answer elicited. The witness knew full well that the second question was intended to carry the import of the first and so answered in terms of the effect of an accident.

Next, plaintiff maintains that at no time thereafter did the witness link arthritis to the accident by the proper means of the hypothetical question; she says that the expert medical witness could only link arthritis to the accident by means of the hypothetical question. Whatever may have been the "proper" means, the plaintiff's interrogation of the doctor showed how it could be done. There was thus presented for the jury's consideration the matter of the aggravation of plaintiff's arthritis, a subject not encompassed by the pleadings.

In view of the necessity of remand, other assignments of error need not be here considered.

Judgment reversed and cause remanded.

PER CURIAM.

The foregoing opinion by TOWNSEND, C., is adopted as the opinion of this Court. Accordingly, judgment is reversed and cause remanded.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.