**Fred John MAYER, Appellant,**

v.

**Carol Jean ORF, Respondent.**

**No. 51085.**

Supreme Court of Missouri,
Division No. 2.

July 11, 1966.

James M. Byrne, St. Louis, for appellant.

Evans and Dixon, Ralph C. Kleinschmidt, St. Louis, for respondent.

FINCH, Judge.

A verdict for the defendant was rendered by the jury in plaintiff's suit for $50,000 for personal injuries. Plaintiff's motion for new trial was overruled and this appeal followed.

The sole issue presented to this court on appeal is whether Instruction No. 1, a credibility instruction tendered by defendant, was prejudicially erroneous.

The nature of this single issue makes a detailed recital of the evidence unnecessary, It is sufficient to state that the case involved a collision which occurred at night in the inside lane of westbound Interstate 70 in St. Louis County. Plaintiff's car was stopped crosswise without lights in that lane and defendant came over the crest of a hill and collided with plaintiff's automobile. Plaintiff submitted on humanitarian negligence for failure to stop and defendant submitted on primary negligence on her counterclaim. The evidence as to when defendant did or could have seen plaintiff and as to the distance in which she could have stopped was conflicting.

Instruction No. 1 was as follows:

"The Court instructs the jury that you are the sole judges of the credibility of the witnesses and of the weight and value to be given their testimony. In determining as to the credit you will give to a witness, and the weight and value you will attach to a witness' testimony, you shall take into consideration the demeanor of the witness, the conduct and appearance of the witness upon the stand; the interest of the witness, if any, in the result of the trial; the motives actuating the witness in testifying; the witness' relation to, or feeling for or against, the respective parties; the probability or unprobability of the witness' testimony, as well as all other facts and circumstances given in evidence, and you are at liberty to accept or reject all or any part of such testimony."

Plaintiff is critical of the intelligibility of Instruction No. 1 generally, but the only complaint asserted in his brief to demonstrate error is focused on the concluding clause, "and you are at liberty to accept or reject all or any part of such testimony."

█ Instruction No. 1, up to the questioned final clause, is essentially the same credibility instruction which has been approved repeatedly over a long period of time. Lukitsch v. St. Louis Public Service Co., 362 Mo. 1071, 246 S.W.2d 749, 755 [9]; Esstman v. United Railways Co. of St. Louis, Mo., 232 S.W. 725, 728 [7]; State v. Turner, Mo., 320 S.W.2d 579, 585 [11–14]. If the instruction had stopped at that point, it clearly would not have been erroneous.

█ Did the addition of the final clause, as plaintiff asserts, improperly tell the jury that they could accept or reject testimony arbitrarily, regardless of standards for judging credibility, in effect telling them that they could accept testimony they disbelieved and reject testimony which they believed? We think not.

█ In the first place, the instruction tells the jury that they are the sole judges of the credibility of witnesses and the weight to be given to their testimony. This clearly is the law in Missouri. Bell v. Pedigo, Mo., 364 S.W.2d 613, 616 [4]; Wilhoit v. Fite, Mo., 341 S.W.2d 806, 816 [15]. They even may disbelieve the testimony of a witness which is uncontradicted and unimpeached. Schaefer v. Accardi, Mo., 315 S.W.2d 230, 233 [7]; Cluck v. Abe, 328 Mo. 81, 40 S.W.2d 558, 559 [2–3].

Next, the instruction told the jury that in judging credibility "you shall take into consideration" certain things including demeanor, conduct and appearance on the witness stand, interest, motives, relationship, the likelihood of the testimony and "all other facts or circumstances given in

evidence." These are guidelines which the courts have approved repeatedly. By them the court informed the jury that they should not determine arbitrarily and without reason the credibility and value of testimony. These are criteria which the experience of mankind has demonstrated to be valid. As the court pointed out in State v. Willard, 346 Mo. 713, 142 S.W.2d 1046, 1051, the jury may accept or reject all or any part of the testimony of a witness as they find it true or not. "They may disbelieve the witness not alone because they think he has wilfully sworn falsely, but also because they consider him mistaken, ignorant, forgetful, visionary, emotional or the like."

Finally, the jury was told "and you are at liberty to accept or reject all or any part of such testimony."[1] Plaintiff concedes that this clause can be read as if it related to all the criteria enumerated in the instruction. He contends, however, that it also can be read as relating to only the last two criteria, to wit, "the probability or unprobability of the witness' testimony, as well as all other facts and circumstances given in evidence." Plaintiff reasons that whichever way it is read, it in effect tells the jurors that they are free to weigh the evidence on any basis they choose, however arbitrary or subjective. We do not agree that the instruction reasonably is susceptible of that construction or that a jury would so understand it. Rather, it appears to us, it says to the jury that after considering the criteria which

they have been told they must take into consideration, they still are the judges of credibility of witnesses and they may conclude to accept and believe all the testimony of a witness, or a par thereof, or none at all. This is exactly what the jury is privileged to do. As stated in Appelhans v. Goldman, Mo., 349 S.W.2d 204, 208: "* * * ' "the jury may believe all of the testimony of any witness or none of it, or may accept it in part or reject it in part, just as it finds the same to be true or false when considered in relation to the other testimony and the facts and circumstances of the case." ' " The clause in question is simply a part of the sentence in which all the criteria to be followed are enumerated and it must be read as a part of that sentence. When the instruction is read as a whole, as it must be, it is not subject to the interpretation placed thereon by plaintiff.

We find no case which has considered a cautionary instruction in the form of Instruction No. 1. Apparently this exact form of instruction had its genesis in an article in the December, 1960 St. Louis Bar Journal at page 20. It is not, as defendant recognizes, a model in phraseology and punctuation, but we believe it not to have been prejudicially erroneous. Henceforth, of course, MAI 2.01(8) is the credibility instruction approved for civil cases.

The judgment is affirmed.

All of the Judges concur.

---

1. In considering this clause we have not cited nor discussed cases involving credibility instructions which contain a sentence or paragraph applying the rule of evidence expressed in the maxim, *Falsus in uno, falsus in omnibus*. Such cases include State v. Butler, Mo., 310 S.W. 2d 952 [2–3]; State v. Fingers, Mo., 357 S.W. 89 [2]; and Hatton v. Carder Wholesale Grocery Co., 235 Mo.App. 1198, 150 S.W.2d 1096 [3]. These instructions are appropriate only in cases which allegedly involve wilfully false testimony. The last clause of Instruction No. 1 is not a falsus in uno instruction nor is it an abbreviated version thereof. The falsus in uno philosophy appears nowhere in Instruction No. 1.