**Betty J. DATI and Alfred B. Dati, Appellants,**

v.

**Laveta SCOTT and Earnest J. Scott, d/b/a Scottie's Market, Respondents.**

**No. 35251.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

April 23, 1974.

Defendant had admitted it leased the premises and that plaintiff was an invitee thereon. Secondly, the court's failure to give a not-in-M.A.I. instruction that negligence could be inferred or presumed under circumstances establishing res ipsa loquitur.

Plaintiffs' motion for new trial made no specific objection to the court's action in either regard and in no way specified why the court was in error in its rulings. No specific objection was made to the court's action in regard to the instruction at the time it was offered and refused. In that posture neither point has been preserved for appellate review. Rule 79.03, V.A.M.R. Schneider v. Southerwestern Bell Telephone Co. (Mo.App.1967) 413 S.W.2d 16.

Judgment affirmed.

CLEMENS and McMILLIAN, JJ., concur.

Politte & Thayer, Washington, for appellants.

James J. Amelung, Amelung, Wulff & Willenbrock, St. Louis, for respondents.

SMITH, Presiding Judge.

Plaintiffs appeal from a judgment in favor of defendants pursuant to a jury verdict. Plaintiff-wife tripped and fell upon entering defendants' store and sustained injury as a result. She contended a piece of wood fell from the doorway between her legs causing her to trip. Defendant contended she tripped and fell against the doorway causing the wood piece to break.

Plaintiffs raise two issues on appeal. First, the trial court's refusal to admit into evidence an expired lease on the premises.