**Brenda M. COLE, Respondent,**

v.

**John EVANS, Appellant.**

**No. KCD 28051.**

Missouri Court of Appeals,
Kansas City District.

Jan. 31, 1977.

---

A. J. Falcone, James H. Thompson, Jr., Kansas City, for appellant.

Arthur J. Kase, Rubins, Kase & Rubins, Inc., Kansas City, for respondent.

Before WASSERSTROM, P. J., and SOMERVILLE and TURNAGE, JJ.

PER CURIAM.

This is a personal injury action arising from an automobile collision. A jury found in favor of the plaintiff and awarded her damages in the amount of $8,125.00. Defendant has appealed.

No claim is made by defendant on appeal that plaintiff failed to make a submissible case or that the amount of damages awarded was excessive. For this reason the facts will be tersely synopsized. Plaintiff parked her automobile, facing south, parallel to the west curb of Fremont Street, in Kansas City, Missouri, and went to her place of employment. Fremont Street runs north and south. Plaintiff returned to and entered her automobile, looked to the rear, saw no vehicles coming, and started pulling away from the curb. While in the process of straightening her car so as to proceed south on Fremont Street, she was sideswiped by a southbound automobile driven by defendant. Defendant's automobile laid down skidmarks 124 feet in length leading up to the point of impact and extending 66 feet beyond the point of impact to where it came to a final stop. Plaintiff was rendered unconscious by the impact and was removed from the scene by ambulance. Medical testimony disclosed that plaintiff sustained a severe concussion with post-concussional headaches, dizziness, and an acute cervical sprain, which would persist in future discomfort and disability.

Plaintiff pleaded and submitted her case to the jury on primary negligence, i. e., that the defendant drove and operated his automobile at an excessive rate of speed. Defendant pleaded and had submitted to the jury his affirmative defense of contributory negligence, i. e., that plaintiff failed to keep a careful lookout or knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped.

All of the evidence presented to the jury came from the plaintiff and various wit-

nesses whom she called—defendant did not take the stand or call any witnesses on his behalf.

Defendant urges on appeal that the judgment below should be reversed and the case remanded for a new trial because: (1) "It Was Prejudicial Error By The Circuit Court in Permitting the Opinion Testimony as to the Speed of Appellant by Officer McGill Over Appellant's Objection Because Respondent Failed to Make a Proper Foundation for the Opinion Expressed by Officer McGill and that the Hypothetical Question Propounded Failed to Include Facts Material to The Evidence in this case." and (2) "The Circuit Court Committed Plain Error in Submitting Instruction Number 7 to the Jury Because the Instruction was Not in Conformity with M.A.I. and Further that the Instruction Prejudicially Inferred that the Burden of Proof was on the Appellant Throughout the Case."

■ Regarding defendant's first point, the transcript discloses that the defendant timely objected during trial to a hypothetical question, put to Officer McGill regarding the speed of defendant's automobile, on the ground that it omitted relevant facts disclosed by the evidence. Defendant failed, however, to include in his objection or otherwise point out to the trial court the relevant facts which he claimed were omitted. Defendant's failure to do so rendered his objection insufficient and the trial court did not err in overruling it. *Scheipers v. Missouri Pac. R. Co.*, 298 S.W. 51, 54 (Mo. 1927); *Brooks v. Travelers Insurance Company*, 515 S.W.2d 821, 824 (Mo.App.1974); *Glowczwski v. Foster*, 359 S.W.2d 406, 411 (Mo.App.1962); and *Denney v. Spot Martin, Inc.*, 328 S.W.2d 399, 402 (Mo.App.1959).

■ Regarding defendant's second and final point, he made no objection to the presently challenged instruction (burden of proof) during trial or in his motion for a new trial. Therefore, defendant failed to preserve for appellate review any issue concerning the challenged instruction. Rule 70.02, Rule 78.07; Rule 84.13(a); *Bower v. Hog Builders, Inc.*, 461 S.W.2d 784, 797 (Mo. 1970); *Erny v. Revlon, Incorporated*, 459

S.W.2d 261, 267 (Mo.1970); *Boten v. Brecklein*, 452 S.W.2d 86, 93–4 (Mo.1970); and *Dati v. Scott*, 509 S.W.2d 196, 197 (Mo.App. 1974). Notwithstanding his failure to preserve for appellate review the matters raised in his second point, defendant implores this court to review them as plain error under rule 84.13(c). Any inclination to do so is initially thwarted by the fact that defendant has failed to properly present the matters for review even under the plain error rule because the challenged instruction is nowhere to be found in defendant's brief. Rule 84.04(e) provides that "[i]f a point relates to the giving, refusal or modification of an instruction such instruction shall be set forth in full in the argument portion of the brief. . . ." Failure to comply with Rule 84.04(e) "carries the penalty of refusal to review." *Pauling v. Rountree*, 412 S.W.2d 545, 548 (Mo.App. 1967). See also *Bremer v. Mohr*, 478 S.W.2d 14, 19 (Mo.App.1972). Rule 84.04(e) is applicable to and has been rigidly enforced in criminal cases. *State v. Larkins*, 518 S.W.2d 131, 135 (Mo.App.1974); and *State v. Mesmer*, 501 S.W.2d 192, 197 (Mo. App.1973). There is no reason to apply it less rigidly in civil cases.

■ Defendant, from trial to appeal, has displayed a flagrant disregard for every rule of civil procedure appertaining to preservation and presentment of his second and final point. Yet, "on the final lap", defendant attempts to rectify his persistent dereliction by seeking review of his second and final point under Rule 84.13(c), the plain error rule. This rule declares that plain errors affecting substantial rights may be considered on appeal, even though defectively preserved for review, if a "manifest injustice" or a "miscarriage of justice" has resulted. After reviewing the evidence in this case in light of the totality of the circumstances, this court finds no reason to invoke the plain error rule. Rule 84.13(c) was never intended to be trivialized as a procedural tool to excuse total and complete disregard of all applicable rules of civil procedure. Invocation of the plain error rule in this case would make a mockery of the

rules of civil procedure. Doing so would serve only to unjustly reward the defendant and unjustly burden the plaintiff with the expense and uncertainty of another trial. In this perspective, application of the plain error rule, in a sense, would result in inverse "manifest injustice" or in an inverse "miscarriage of justice".

Judgment affirmed.