### F. V. GREENE, Respondent,

v.

### KELLY ENTERPRISES, INC., a corporation, Appellant.

#### No. KCD 28865.

Missouri Court of Appeals,
Kansas City District.

Jan. 30, 1978.

Ronald A. Barker, Andrew A. Krohn, Princeton, for appellant; Barker & Krohn, Princeton, of counsel.

R. Max Humphreys, Trenton, for respondent; Miller, Humphreys & Seidel, Trenton, of counsel.

Before PRITCHARD, P. J., and SWOFFORD, C. J., and DIXON, J.

PRITCHARD, Presiding Judge.

Respondent received judgment for $6,500.00, rendered upon the verdict of a jury, upon his claim for compensation under an oral employment contract for a fixed term at $500.00 per week.

Appellant was the owner of a lake development in Mercer County, Missouri, called Lake Marie. Respondent came there in early March, 1974, and remained there until the second or third week in July, 1974, being paid $2,500.00 of his claimed $9,000.00 total due, for administering the subdivision. Issues presented principally relate to the admissibility of evidence which respondent adduced in support of his claim.

Appellant contends that error was committed in the admission of a corporate resolution of Crocker Investment Corporation, which respondent admitted to be a copy, because there was no proper foundation laid, and it violated the best evidence rule. The document recites that pursuant to a special meeting of the corporation's board of directors on March 1, 1974, "That F. V. Greene be and is duly authorized by this Corporation to act for and in behalf of its wholly owned subsidiary, Kelley Enterprises, Inc., in the capacity of a Vice President of the same and as such may borrow monies, execute deeds, sign checks, accept mortgages and otherwise act as a responsible officer."

Appellant, in its counterclaim (upon which a verdict was directed), alleged that it is a Missouri corporation in the business of selling the real estate of a subdivision known as Lake Marie located at Mercer, Missouri, and "2. That between March 1, 1974, and July 12, 1974, Plaintiff acted in the capacity of a Vice-President of Defendant and while acting in said capacity, Plaintiff caused certain contracts to be entered into by Defendant for the sale of portions of Defendant's real estate." Respondent testified that he had the original of Exhibit 2 in his possession. There was no evidence that it was unavailable for any reason, so as to come within the exception to the best evidence rule as set forth in *Kennedy v. Boken Associates, Inc.*, 381 S.W.2d 39, 41, 42[1, 2] (Mo.App.1964). Because of appellant's counterclaim allegations, the portion of Exhibit 2, relating to respondent to be a vice president of appellant, is judicially admitted, *M.F.A. Central Cooperative v. Har-*

*rill,* 405 S.W.2d 525, 529[4] (Mo.App.1966), and that matter became subject to the doctrine of curative admissibility. *Sigman v. Kopp,* 378 S.W.2d 544, 547 (Mo.1964); *Young v. Dueringer,* 401 S.W.2d 165, 167 (Mo.App.1966), where the court quoted from *Dorn v. St. Louis Public Service Co.,* 250 S.W.2d 859, 865 (Mo.App.1952), " 'An objection to the admission of evidence is waived where the same or similar evidence has been adduced [here judicially admitted] by the party objecting.' " [Brackets added.]

■ Appellant's Points II and III relate to the giving and refusal of instructions. These will not be noticed because the instructions are not set forth in appellant's brief, in violation of Rule 84.04(e). See *Cole v. Evans,* 546 S.W.2d 748, 750[2, 3] (Mo.App.1977), and cases cited.

■ The counterclaim judicial admission does not cover matters as to how respondent became employed by the corporate appellant. The establishment of this element of respondent's case depends in part upon the declarations of a Mr. McCollum, president of Crocker Investment Company, which owned appellant corporation, the admissibility of the declarations being challenged by it in Point IV. Respondent testified, without objection, that he had been employed in Arizona by Consolidated Mortgage Corporation, a land developer, of which Mr. McCollum was a principal. When he came to Missouri he presented Exhibit 2, the corporate resolution, which had been delivered to him by Mr. McCollum. On arrival, respondent testified he was working in appellant's office with Mary Berndt, its secretary, who wrote the checks, $500.00 per week to pay him, and that he took orders from Mr. McCollum. Mr. Ronald L. Barker, attorney at law, testified he had been treasurer, and was the corporate agent for appellant, and he kept its corporate records. In 1972, the corporation was owned by a Ken Johanson, and there was a contract signed to purchase it in Phoenix, Arizona, between Johanson and Al McCollum. Upon McCollum's default, Johanson took back the corporation sometime in June, 1974.

Mary Berndt testified, without objection, that she had been employed by appellant since 1968, at Lake Marie, at which time she took orders from a Mr. Kelly. In 1971, she took orders from Mr. Johanson, and from October, 1973, to the spring of 1974, from Mr. McCollum, during which time she was secretary-treasurer of appellant. During this time respondent was vice president, "and Mr. McCollum I think was President." To her knowledge, those two were all the officers of appellant. Mr. McCollum, she thought, gave her authority to sign checks when he was on the property in 1973. She had a document like Exhibit 2 appointing her secretary. This testimony is sufficient for the jury to infer that McCollum was president, an officer, of appellant. He is tied in to appellant through his delivery of Exhibit 2 to appellant. Respondent's testimony as to what Mr. McCollum told him when they sat down together as to what his salary would be and what work he would do for appellant is admissible against it, because Mr. McCollum was clearly shown to be its managing agent. His statements were relative to his power to transact necessary business for the corporation. See *Willsey v. W. C. Porter Farms Company,* 522 S.W.2d 29, 32[3, 4] (Mo.App.1975); and *Cline v. Carthage Crushed Limestone Company,* 504 S.W.2d 102, 114[12–15] (Mo.1973), " 'A president of a corporation has incidental authority to make declarations and admissions binding upon his corporation, in matters which are within the scope of his ordinary duties; * * *,' 19 C.J.S. Corporations § 1071, p. 608." Point IV is overruled.

■ Point V relates to contended error in the admission of Exhibit 1, which was a copy of a letter written by respondent to appellant's attorney. This letter could only bear upon respondent's claim for interest after demand (§ 408.020, RSMo 1969), and the jury did not allow him any interest, so there could be no prejudice to appellant. Compare *Thompson v. Bi-State Transit System, Inc.,* 458 S.W.2d 903, 905[5–7] (Mo.App. 1970). Point V is overruled.

The judgment is affirmed.

All concur.