Anna NAGEL, Plaintiff-Respondent,

v.

BI–STATE DEVELOPMENT AGENCY,
Defendant-Appellant,

and

Norfolk and Western Railway Company,
Defendant-Respondent.

No. 60416.

Supreme Court of Missouri,
En Banc.

June 15, 1978.

Rehearing Denied July 24, 1978.

John D. Schneider, St. Louis, for defendant-appellant.

James E. Hullverson, Stephen H. Ringkamp, St. Louis, for plaintiff-respondent.

Edward L. Dowd, St. Louis, for defendant-respondent.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal on transfer by order of the Supreme Court prior to opinion by the Court of Appeals (Rule 83.06), from verdict and judgment in favor of Anna Nagel against Bi-State Development Agency on her claim for damages for personal injuries against Bi-State and Norfolk and Western Railway Company. The questions (Rule 83.09) are whether the court erred in giving plaintiff's verdict-directing instruction against Bi-State, in ruling on plaintiff's hypothetical question concerning causation of her compression fractures, and whether the verdict is excessive. Affirmed.

Plaintiff's action arose from the collision described in *Myers, et ux. v. Bi-State Development Agency and Norfolk and Western Railway Co.,* Mo. banc, 567 S.W.2d 638. Mrs. Nagel was a fellow passenger of Mr. Myers. She was thrown from her seat in the bus by the collison, was rendered unconscious, and received injuries to her chest,

mouth, nose, knees, and back. She received treatment in the hospital on several occasions and lost considerable time from work. The medical evidence conflicted on severity of injuries, particularly on the question of vertebral fractures.

Plaintiff's claim against Bi-State was submitted by Instruction 2, identical to Instructions 3 and 4 in *Myers v. Bi-State,* supra, except for names.

The jury's verdict was against plaintiff and in favor of NW; and for plaintiff and against Bi-State for $53,000. Judgment was entered accordingly.

Appellant charges the court erred (I) in giving plaintiff's verdict-directing instruction against Bi-State "because this instruction improperly creates a duty contrary to the law in an argumentative form inferring that failure to heed a warning was a punishable and inherently illegal act giving a privately erected warning device the appearance of the force of law."

The foregoing demonstrates and appellant's brief concedes that this contention is identical to Point I in *Myers v. Bi-State,* supra. It is denied for the reasons there stated.

Appellant charges the court erred (II) in failing to sustain its objection to a hypothetical question concerning causation of her compression fractures because there was not a sufficient foundation laid "in that there was no testimony in the plaintiff's case that the X-ray taken on the date of the occurrence demonstrated an acute fracture which was a necessary element because that X-ray was available and because all medical evidence agreed that whether a compression was acute could be determined as a fact from the existence or absence of spur formation at the fracture site."

The pertinent record arose from the direct examination of plaintiff's physician, Dr. J. Otto Lottes, viz:

"Q. (By Mr. Hullverson) Assume this lady's on a bus that's hit by a train and there is considerable violence; she is knocked across the seat and knocked unconscious; she immediately wakes up, she's got intense pain in the chest, breast plate, she's got pain in the upper dorsal region of her back, and she has a great deal of pain and discomfort in that area and in her chest. Assume that before December 11, 1973 when she is knocked about in the bus in the manner in which I have indicated to you, that she's got no pain in her chest and in her mid-dorsal back region. And assume further that she goes to Jewish Hospital, Homer Phillips, and they say you have got a fractured sternum by diagnosis. Assume further that she has complained repeatedly about trouble in her chest and in her mid-dorsal region from that moment forward, and assume that she worked with two ladies for fifteen years and did not complain about chest pain or pain in her mid-dorsal region. Assume also, Doctor, that this same lady complained about pain in her mid-dorsal vertebrae area for several months and that finally on March 19, 1974 an x-ray was taken of her dorsal vertebrae and it was described as revealing compression fractures of T–3 and T–4. Assume further that in December when she went into Jewish Hospital, December 11th, they took an x-ray of her dorsal vertebrae and they said this looks like a compression fracture of T–3 but it's not a particularly good film, we recommend you take more films. None were taken, assume, until finally March 19th they take some more films. They then say she's got compression fractures of T–3 and T–4. And assume further that in August 21, 1974, Doctor, a follow-up x-rays are taken of those original x-rays which describe the defect and compression fractures of T–3 and T–4 as healing. Assuming those things, Doctor, do you have an opinion as to whether or not the train wreck caused the lady's fractured sternum and fractured back?

"MR. SCHNEIDER: I will object, of course, to the question, but I will object to the form of the question. There hasn't been sufficient foundation laid.

"THE COURT: All right. Overrule the objection."

Dr. Lottes gave his opinion that "the accident caused her compression fractures, her neck injury and sternum [injury]."

 This record demonstrates that defendant's objection was general and did not specify to the trial court what, if anything, was lacking in the question's foundation to preserve the point now urged for appellate review. On appeal a party is held to the specific objections presented to the trial court. Rule 84.13(a); *Schmitt v. Pierce,* 344 S.W.2d 120, 130[12] (Mo. banc 1961). See *Brooks v. Travelers Insurance Co.,* 515 S.W.2d 821, 824[3] (Mo.App.1974), where objection to a hypothetical question did not have a proper foundation; counsel did not state wherein the foundation was lacking or what evidence was omitted, and the objection was thus insufficient to preclude the opinion sought; *Cole v. Evans,* 546 S.W.2d 748, 750[1] (Mo.App.1977), where defendant's failure to include in his objection or otherwise point out to the trial court relevant facts which he claimed were omitted rendered his objection to hypothetical question on ground it omitted relevant facts in evidence insufficient and there was no error in overruling it; *Kirk v. Kansas City Terminal Ry. Co.,* 27 S.W.2d 739, 743[6] (Mo. App.1930), where the objection to a hypothetical question asked of a medical expert failed to preserve the point urged on appeal because it did not specify, among other things, why the question was improper and what essentials were omitted. The appellate court considers only those omissions in hypothetical questions to which specific objection has been made to the trial court specifying what is missing or improperly included. *Skelton v. General Candy Co.,* 539 S.W.2d 605, 614[29] (Mo.App.1976); *Morton v. St. Louis-San Francisco Ry. Co.,* 323 Mo. 929, 20 S.W.2d 34, 45[15] (1929); *Glowczwski v. Foster,* 359 S.W.2d 406, 411[6] (Mo.App.1962). Appellant's citations, e. g., *Dolan v. D. A. Lubricant Co.,* 416 S.W.2d 40 (Mo.App.1967); *Long v. St. Louis Public Service Co.,* 288 S.W.2d 417 (Mo.App. 1956), and *Harp v. Illinois Central Railroad Co.,* 370 S.W.2d 387 (Mo.1963), do not address this aspect of hypothetical questions.

Appellant contends (III) the verdict "is so grossly excessive that it is conclusive proof that the verdict was based upon the incompetent evidence that the plaintiff sustained two compression fractures as a result of the occurrence and therefore the error under Point II must be held to be prejudicial error."

 Inasmuch as appellant argues that plaintiff's verdict is excessive if the evidence of the fractured vertebrae had been excluded, failure of the "error under Point II" leaves nothing for review under this contention. It may not be said that plaintiff's damages were excessive. Anna Nagel took early retirement in June, 1974, at 64 years of age, because of her physical condition resulting from the injuries she sustained in the collision December 11, 1973. She was off work from the date of her injuries until February, 1974, during which time she was not paid. At the time of her retirement she was making $117 per week. The accident produced immediate pain to her chest and back. In the hospital following the collision she could not move because her chest, back, and breathing pained her. Her activities have become limited because of arm, chest, and back pain, areas in which she was pain-free prior to the collision. Mrs. Nagel had been a seamstress at Lowenbaum's for 13 years prior to her injuries. Lowenbaum's had no retirement age and plaintiff, as other ladies at Lowenbaum's who worked into their seventies, had no intention of quitting until forced to do so by her injuries. Mrs. Nagel received care at Homer G. Phillips and Jewish Hospitals at a cost of $1,367, and paid numerous visits to physicians at the Garment Center Clinic prior to seeing Dr. Lottes. After seeing Dr. Lottes, she took physical therapy at Christian Hospital Northeast and was doing so at the time of trial May 24, 1976. At trial she had severe pains in her chest and back which were aggravated upon movement. Breathing was difficult. She had pain every day. She suffered compression fractures of two vertebrae, a fractured sternum and cervical syndrome. These injuries in turn caused injury in surrounding soft tis-

sues which would produce pain for the remainder of her life expectancy of 11.94 years. She also sustained loss of normal lordotic curve of her spine and cerebral concussion. Her injuries impaired her ability to work. Amount of verdict does not in and of itself establish that it was the result of bias or passion and prejudice, without showing some other error committed at trial. *Skadal v. Brown*, 351 S.W.2d 684, 690 (Mo.1961). No such error appears.

Judgment affirmed.

MORGAN, C. J., BARDGETT, DONNELLY, RENDLEN and SEILER, JJ., and HOUSER, Special Judge, concur.

FINCH, J., not sitting.

SIMEONE, J., not participating because not a member of the Court when cause was submitted.