Charles W. BURKS et al., Respondents,

v.

Ammon BEEBE et al., Appellants.

No. KCD 29438.

Missouri Court of Appeals, Western District.

Feb. 26, 1979.

James A. Christenson, Independence, for appellants.

Cedric Siegfried, Robert J. Wise and James Russell Ford, Independence, for respondents.

Before HIGGINS, Special Judge, Presiding, PRITCHARD, J., and WELBORN, Special Judge.

PER CURIAM.

Respondents' action for damages for breach of contract arising from purchase of a ten acre parcel of land. Case tried without jury and trial court awarded Respondents $1,800.00 in damages.

Parties entered into an agreement whereby Appellants agreed to sell and Respondents agreed to purchase a parcel of land. A written agreement was entered into the record without objection. Said agreement contained the following language, " * * * all trees that have been cut preparatory to building a dam and constructing a lake site will be removed at no extra cost to property owner."

Appellants collectively are a partnership and their negotiating partner, one Allan Van Tuyl, died after date of the contract, but prior to trial. Appellants denied that the action of the deceased partner bound Appellants to this part of the contract. From the record, it is apparent the parties discussed the trees on various occasions, but the matter remained unresolved.

Respondents then proceeded to remove the trees, encountering the cost of a tractor, the cost of its repair, a tractor scoop and chain saws in the total sum of $1,235.95. In addition, Respondents testified to expending 2,000 man hours of labor. Respondents claimed damages in the sum of $1,800.00, which were awarded by the trial court.

On May 10, 1978, while said cause was pending on appeal, Respondents filed their motion for damages on account of frivolous appeal, to which Appellants replied on May 16, 1978. Points raised by Appellants, along with Respondents' motion, are taken up together herein.

Appellants raise two points.

I

"The court erred in holding that a valid legal contract existed between Appellants and Respondents."

II

"The court erred in granting judgment to the Plaintiffs-Respondents in the amount of $1,800.00. As such, judgment is against the greater weight of the evidence."

Appellants' brief violates Rule 84.04(d) on both points upon failure to specify why the trial court was in error.

As to point I, Appellants totally fail to say why the trial court erred in holding the contract in question, a legally valid contract. On point II, Appellants totally fail to say why the trial court erred in rendering judgment and that same was against the weight of the evidence. It is impossible, from Appellants' brief, to ascertain whether their complaint is against the judgment as being excessive or whether, in Appellants' view, Respondents were entitled to judgment at all.

The requirements of Rule 84.04(d) are mandatory, *Bell v. Bell*, 538 S.W.2d 733 (Mo.App.1976), and it is not the responsibility of the court to seine the argument portion of a brief or transcript on appeal to ascertain the whereins and whys of claimed errors. *Griffith v. State*, 504 S.W.2d 324 (Mo.App.1974).

In its entirety, the record herein fails to show any justification to set aside the lower court's judgment, *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976), and further, while it is true, pursuant to Rule 84.19, this court has authority to award damages for frivolous appeals, there was, by review of the record, no showing of bad faith by Appellants to warrant such action.

Appeal dismissed.

Motion for damages on account of frivolous appeal overruled.