Russell N. PICKETT and Thomas O. Pickett (Executor of the Estate of Lucille Pickett, Deceased), Appellants,

v.

Gregory C. STOCKARD, Eugene E. Andereck, Phil Hauck, Marvin L. Sharp and Terry M. Evans, Respondents.

No. WD 31171.

Missouri Court of Appeals, Western District.

Sept. 2, 1980.

Christopher P. Raynes of Pickett & Raynes, Trenton, for appellants.

William Y. Frick, Kirksville, for respondents.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is an action by lessor (appellants) against lessee (respondents) seeking recovery for damages to rental property. The jury found the issues in favor of lessee. Lessor filed timely motion for new trial and upon the overruling of same, this appeal followed. The judgment is affirmed.

Appellants allege three points of error. These points are: (1) the verdict is against the evidence, is against the weight of the credible evidence and is against the law because the evidence on the issue of damages was substantially uncontroverted and because respondents, by law, are required to restore the premises to its former condition; (2) the trial court, to the prejudice of appellants, erred in admitting immaterial and irrelevant evidence upon the issue of appellant Thomas O. Pickett's readmission into respondents' law firm and (3) the trial court, to the prejudice of appellants, erred in admitting immaterial and irrelevant evidence upon the issue of respondents' redecoration of the premises.

Prior to any consideration of the facts or evidence upon this record, point one is taken up and ruled against appellants. Point (1) violates Rule 84.04(d), as correctly argued by respondents, upon appellants' failure to specify wherein and why the trial court was in error. That the requirements of Rule 84.04(d) are mandatory, see *Bell v. Bell*, 538 S.W.2d 733 (Mo.App.1976) and *Burks v. Beebe*, 578 S.W.2d 298 (Mo.App. 1979). Point (1) is further ruled against appellants for the reason that this court is not at liberty to rule upon the weight of the

evidence in a jury tried case, rather, that determination falls to the trial court upon motion for new trial, see *Kranz v. Kansas City*, 573 S.W.2d 88 (Mo.App.1978) and see *Cohen v. Archibald Plumbing and Heating Co.*, 555 S.W.2d 676 (Mo.App.1977); *State v. Minor*, 531 S.W.2d 101 (Mo.App.1975); *Strickner v. Brown*, 491 S.W.2d 253 (Mo. 1973) and *Herrman Lumber Company v. Cox*, 521 S.W.2d 4 (Mo.App.1975) as cited in *Kreglinger v. Stillwell*, 592 S.W.2d 228, 230 (Mo.App.1979).

Additionally, in discussing the disposition of appellants' first point, it can be said there is no merit in the argument that the evidence was "substantially uncontroverted". That issue has been raised and resolved by prior authority, see *Paris v. Keefhaver*, 512 S.W.2d 892 (Mo.App.1974) where at 893, in citing *Cluck v. Abe*, 328 Mo. 81, 40 S.W.2d 558, 559 (1931), the court declared, "It matters not that the plaintiff's evidence of damage was uncontroverted. The jury was entitled not to believe it," see also *Davenport v. Wabash Railroad Company*, 435 S.W.2d 641 (Mo. banc 1968); *Mayer v. Orf*, 404 S.W.2d 733 (Mo.1966) and *Robinson v. St. John's Medical Center*, Joplin, 508 S.W.2d. 7 (Mo.App.1974).

As a final note, appellants argue on this appeal that it was respondents' duty to restore the premises to its former condition. While unto itself that declaration, and hence the *argument in support thereof*, may be a sound theory in the law, the record of this case relative to both appellants' evidence and appellants' instructions shows appellants neither tried this cause nor submitted this cause to the jury upon that theory. This is best illustrated by Instruction No. 4 offered by appellants and submitted to the jury.

"INSTRUCTION NO. 4

Your verdict must be for plaintiffs if you believe:

First, plaintiffs owned the building located at 924 Main Street, Trenton, Grundy County, Missouri and defendants occupied said building as a law office, and

Second, defendants vacated said premises leaving said premises in deteriorated condition, and

Third, as a direct result of such activity the plaintiffs sustained damage.
GIVEN:
Not in MAI
Submitted by Plaintiffs
5–10–79"

Appellants tried the case upon one theory and on this appeal, argue another legal theory not advanced at trial. This has been referred to as "invited error". This concept "prevents a party from attacking an instruction which he himself [has] selected or devised under which to submit to the jury his theory of substantive law on which he asks the case to be decided," see *Arnel v. Roettgen*, 530 S.W.2d 20 (Mo.App.1975) and also *Parsons Construction Co. v. Missouri Public Service Co.*, 425 S.W.2d 166 (Mo. 1968). As a result there is nothing preserved for review by this court. See *Cole v. Evans*, 546 S.W.2d 748 (Mo.App.1977); *Belter v. Crouch Brothers, Inc.*, 554 S.W.2d 562 (Mo.App.1977) and Rules 70.03, 78.07 and 84.13(a).

For the reasons set forth above, point one is ruled against appellants.

In their second error, appellants claim the trial court erred in admitting irrelevant and prejudicial evidence. It is necessary, at this juncture, to refer to pertinent evidence upon this point.

Thomas O. Pickett, son of Russell N. Pickett, is a practicing attorney. Thomas had been a member of respondents' law firm until January 1, 1976, when he disassociated himself with the firm to seek public office. Thomas's election efforts were unsuccessful in the November elections, so he sought readmission to the firm in December, 1976. This readmission was denied after respondents held a meeting to discuss his request. Respondents, after advising Thomas of their decision, received notice to vacate the property.

Appellants argue that the testimony elicited relative to this point was prejudicial and immaterial. It is necessary to make

reference to that particular testimony to resolve appellants' contention. Following a rather detailed line of testimony regarding the physical structure of the premises and the condition thereof, the following took place between respondent Andereck, Mr. Frick (attorney for respondents), Thomas Pickett and the Court:

"Q. (By Mr. Frick): In the fall of 1976, to your knowledge, did your firm meet to discuss a proposal on the part of Tom Pickett to be readmitted to your firm?

A. Yes.

Q. Do you remember about when that was?

A. Well, it would have been ___(interrupted)

MR. PICKETT: I'm going to object to this. It has absolutely nothing to do with this, nothing at all.

THE COURT: The objection will be overruled at this time. The only question is: Does he recall when they had a discussion. When we get to the discussion I may listen more intently to your objection.

A. The firm meeting on the subject matter took place in the forepart of December.

MR. PICKETT: I object to that answer. If the Court's ruling is what I think it is, it's if he remembers whether or not there was a meeting.

THE COURT: Question was when was the meeting held, not what was discussed, and he answered the question, I think, the first part of December. Proceed."

Each respondent was asked, in addition to testimony regarding the premises, questions concerning the December meeting, relative to Thomas's readmission to the firm. The last respondent to testify was the only respondent to further enlarge upon details of the meeting. He testified he was responsible for telling Thomas that he would not be readmitted to the firm and such evidence was admitted without objection. He stated that when he told Thomas of the firm's decision, Thomas told him that he would be receiving an eviction notice terminating the month–to–month tenancy.

Appellants' argument relating to prejudice by admission of irrelevant and immaterial evidence in this case really turns upon the timeliness of appellants' objection. As reflected in the above testimony, appellants interposed the one objection only. The first question on this issue asked of the first respondent to testify was intended to lead into an area perceived as irrelevant and harmful to appellants' position, and obviously to elicit testimony which appellants desired to be excluded. The only objection interposed was after the first question was asked and the answer given. This question and answer established that a meeting had occurred, the purpose of which was to discuss the readmission of Thomas to the firm.

The objection was untimely and should have been made at the earliest opportunity. An objection made after an answer is expressed is untimely and preserves nothing for review, see *State ex rel. State Highway Commission v. Warner*, 361 S.W.2d 159 (Mo.App.1962); *Wilkins v. Cash Register Service Company*, 518 S.W.2d 736 (Mo.App.1975); *Coffey v. S. S. Kresge Co.*, 102 S.W.2d 161 (Mo.App.1937) and for general reference, see 88 C.J.S. Trial § 118 (1955).

No further objection was made, and it cannot be said that any and all subsequent questions and answers by the witnesses on this issue will be considered on this appeal as errors of admission of evidence. It is correct that repeated objections need not be made or continued to a particular line of questioning where a proper objection has been initially and previously presented in the matter, but in the instant case, the objection was untimely and it has been held that "an untimely objection is no objection," see *Coffey v. S. S. Kresge Co., supra* and also see for general reference 88 C.J.S. Trial § 122 (1955).

The result in the instant case was appellants' one and only untimely objection and hence by virtue thereof, appellants have not preserved anything for this court to review.

For the reasons set forth above, point two is ruled against appellants.

As their final alleged error, appellants argue an additional challenge to the admission of particular evidence. In this instance, appellants argue that the admission of testimony regarding respondents' redecoration of office space was irrelevant and the admission of such evidence was prejudicial. The first reference to redecoration came by way of respondents' counsel in his opening statement. The record reveals the following:

"MR. FRICK: Over this same period of time, ladies and gentlemen, the evidence will show that these partnerships coming down to and culminating in the partnership that's sued here, had expended in excess of $5,000 on interior repair and redecoration for Russell Pickett's building, and the evidence will further be, ladies and gentlemen,–

Your Honor I object to the comments here from the party that are quite audible to the jury. (Objection apparently made by Mr. Pickett, however, this was not indicated in the transcript.)

THE COURT: Objection, counsel?

MR. PICKETT: Your Honor, I object on the basis that it's immaterial to this lawsuit, talking about repairs expended by the defendants.

THE COURT: Overruled."

The opening statement continued and another objection was made regarding the relevancy of evidence concerning redecoration. As the trial proceeded, witnesses were examined upon the issue of redecoration. This examination continued without objection. The result, as the record reveals, was that the objections upon the issue were interposed during respondents' opening statement in advance of the offer of evidence. It cannot be contended, and is not contended herein, that counsel's remarks in opening statement or argument are considered part of the evidence.

For general rules upon this point, see 88 C.J.S. Trial § 119 (1955) which provides that objection made in advance of the actual offer of evidence is premature.

*Picarella v. Great Atlantic & Pacific Tea Company*, 316 S.W.2d 642 (Mo.App.1958) illustrates that our courts have considered the particular issue on prior occasion. In *Picarella*, the only objection made was to a particular matter during the defendant's opening statement. Objecting counsel elected to stand "on this objection", and the court addressed the matter with the following language at 646:

"Even if this could be considered an anticipatory objection to the evidence referred to, defendant expressly refused to agree to such a procedure, nor did the Court approve it, and it was therefore incumbent upon the plaintiff to make a timely objection when such evidence was offered. Having failed to do so she may not now complain on appeal."

*Picarella, supra,* presented even a stronger case for the rule than does the instant case. In *Picarella*, it is intimated that a request for a continual objection was sought and denied. Further, the only complaining party sought an agreement for a continual objection to which the opposing party refused to consent. Neither of those factors is to be found in the instant case. This court finds *Picarella, supra,* dispositive of the question.

Premised upon the foregoing, it is the conclusion of this court that because appellants objected to the particular evidentiary matter of redecoration only during respondents' opening statement, said objection was premature and failure to object further upon the offer of evidence regarding the issue of redecoration failed to preserve the matter for review by this court.

For the foregoing reasons, point (3) is ruled against appellants.

The judgment in the instant case is, in all respects, affirmed.

All concur.